UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED/REC'D

2025 DEC 31 P 12: 34

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

| | | |
|---|---|---|
| Dawn Burns<br>1116 11TH Street<br>Apartment 6<br>Baraboo, WI 53913<br>    Plaintiff | : : : : : : | |
| v. | : | |
| Experian Health, Inc.<br>d.b.a Search America<br>720 Cool Springs Blvd<br>Suite 200<br>Franklin, TN 37067<br>and<br>X,Y,Z Corporations<br>    Defendant(s) | : : : : : : : : : | 25-cv-1073-jdp<br><br>Jury Trial Demanded |

# COMPLAINT

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff is Dawn Burns, an adult individual with a mailing address of 1116 11TH Street, Apartment 6 Baraboo, WI 53913.

3. Defendant is Experian Health, Inc., d.b.a Search America, a business entity with an address of 720 Cool Springs Blvd, Suite 200, Franklin, TN 37067.

## COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transaction Act, 15 USC 1681g et. seq.
## Refusal to Disclose Plaintiff's Consumer File

4. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7. At all times mentioned herein Plaintiff was individual as defined by 15 USC 1681a (c).

8. At all times mentioned in this Complaint, Defendant maintained a "consumer file" on Plaintiff(s).

9. At all times mentioned in this Complaint, Defendant was a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f).

10. According to 15 USC 1681(a) The term "consumer reporting agency" (CRA) means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

11. Defendant is a CRA because Defendant for monetary regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information and other information on consumers for the purpose of furnishing consumer reports to third parties, and Defendant(s) use(s) interstate commerce for the purpose of preparing or furnishing consumer reports.

12. Upon information and belief, Defendant(s) accessed Plaintiff's consumer report form Experian Information Solutions, Inc. Defendant then transmitted that information to one or more health care providers in connection with Plaintiff's medical care.

13. Upon information and belief Defendant provided a "consumer report" about Plaintiff to one or more health care providers in connection with Plaintiff's medical care..

14. The consumer report(s) furnished by Defendant to one or more or entities was for a permissible purpose under 15 USC 1681b et. seq. of the FCRA.

15. At all times mentioned in this Complaint, the recipient(s) of Plaintiff's consumer report was / were a "user" as that term is defined by 15 USC 1681e(e) of the Fair Credit Reporting Act.

16. Prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file.

17. Upon information and belief, Defendant(s) did maintain a file of information about Plaintiff in Defendant(s)' archives.

18. Defendant(s) refused to provide Plaintiff with a free annual copy of all of the information contained in Plaintiff's file.

19. Defendant(s) violated 15 USC 1681g et seq. of the FCRA by refusing to disclose the contents of Plaintiff's consumer file to Plaintiff.

## JURISDICTION

20. The previous paragraphs of this Complaint are incorporated by reference.

21. Defendant may be personally served in this jurisdiction because Defendant(s) regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

22. Jurisdiction is proper 15 USC 1681n and / or 28 USC 1331-1334 et. seq.

23. Venue is proper because a substantial portion of the transactions, occurrences or omissions took place in this jurisdiction.

24. Jurisdiction is proper because Defendant regularly transacts business in this jurisdiction and avails itself of the market place in this jurisdiction.

25. Plaintiff suffered an actual concrete injury when Defendant refused to disclose the contents of Plaintiff's consumer file.

26. Plaintiff suffered an actual concrete injury when Defendant refused to disclose the score(s) that was / were used in connection with Plaintiff's application for credit.

27. Plaintiff suffered a concrete harm by incurring, stationary, postage and other costs to attempt to obtain the sought after information from Defendant.

28. Plaintiff believes and avers that the violation(s) of the FCRA described in this Complaint was / were willful, as described in previous paragraphs of this Complaint incorporated by reference.

29. Defendant's flagrant flaunting of the law of 15 USC 1681i was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to make appropriate corrections to their consumer reports.

30. Congress created a private right of action for willful noncompliance with the FCRA pursuant to 15 USC 1681n as opposed to a private right of action for negligent non-compliance pursuant to 15 USC 1681o. A willful violation 15 under USC 1681n warrants actual damages plus $100 to $1,000 statutory damages. But a mere negligent violation warrants only actual damages and no statutory damages. This was Congress's way of emphasizing the concreteness of the harm when a defendant chooses to flaunt the law in an FCRA case.

31. Defendant(s)' flaunting of the law also poses a future concrete harm to Plaintiff. Plaintiff must now live in a world where anyone can access Plaintiff's Chex Systems consumer report and Plaintiff must face the fact that Defendant will not release the address or telephone number of such person or entity that obtained Plaintiff's consumer report.

## VENUE

32. The previous paragraphs of this Complaint are incorporated by reference.

33. Venue is proper under state law or federal law pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

34. Plaintiff believes and avers that Defendant was obligated to send the sought after information in mail the information to Plaintiff in this jurisdiction pursuant to 15 USC 1681i et seq., and because Defendant(s) did not do so, Defendant(s)' omissions occurred in this jurisdiction.

35. Plaintiff mailed her request(s) to Defendant from this jurisdiction, or from near this jurisdiction, thus incurring costs and effort at or near this jurisdiction. Therefore the acts and events leading up to this cause of action occurred in this jurisdiction.

36. A substantial amount of the information contained in Plaintiff's consumer file pertained to this jurisdiction. Therefore the events and omissions leading up to this cause of action occurred in this jurisdiction.

37. A substantial amount of the information contained in Plaintiff's consumer file was compiled in this jurisdiction. Therefore the acts and events leading up to this cause of action occurred in this jurisdiction.

38. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction. Such witnesses, including but not limited to the following.

39. Plaintiff is a witness against Defendant and resides in this jurisdiction.

40. One or more witnesses against Defendant(s) for similar misconduct. Such witnesses are similarly situated consumers whose rights were similarly violated by Defendant. Such witness's testimony would be relevant to show willfulness pursuant to 15 USC 1681o et. seq. of the FCRA.

## LIABILITY AND DAMAGES

41. The previous paragraphs of this complaint are incorporated by reference.

42. At all times various employees and / or agents of Defendant(s) were acting as agents of Defendant(s), and therefore Defendant(s) is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

43. At all times various employees and / or agents of Defendant(s) were acting jointly and in concert with Defendant(s), and Defendant(s) is liable for the acts of such employees and / or agents under the theory of joint and several liability because Defendant(s) and its agents were engaged in a common business venture and were acting jointly and in concert.

44. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, stationary, fax, gas, travel, etc.

45. Plaintiff believes and avers that the violation(s) of the FCRA described in this Complaint was / were willful, as exemplified by the following.

46. Defendant(s) received Plaintiff's request(s) for the sought after information, but still chose to respond to the request but in a woefully deficient manner, ignoring Plaintiff's requests.

47. Upon information and belief, Defendant(s) made no reasonable effort to locate and provide the sought after information.

48. Other similarly situated consumers at or near this jurisdiction have also made similar requests to Defendant(s). Such consumers may also be witnesses against Defendant(s) in this case to demonstrate willfulness which is relevant to damages pursuant to 15 USC 1681o.

49. Because of the willful nature of the violations described in this Complaint, Plaintiff believes and avers Plaintiff is entitled $1,000.00 statutory damages under 15 USC 1681 et. seq. per violation, or other amount in this Honorable Court's discretion.

50. Because Defendant(s) act and omissions were willful, Plaintiff believes and avers that punitive damages are warranted.

51. Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $9,000, or other amount determined by this Honorable Court.

## ATTORNEY FEES

52. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

53. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees if she were to retain an attorney in this case.

## OTHER RELIEF

54. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

55. Plaintiff seeks an order from this Honorable Court Directing Defendant(s) to provide her with her sought after consumer disclosure.

56. Plaintiff requests / demands a jury trial in this matter.

57. Plaintiff believes and avers that Plaintiff should be entitled to administrative costs for prosecuting this action.

58. Plaintiff requests such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of $10,001.00 enumerated below.
$1.00 actual damages

$1,000.00 statutory damages for Count One

$9,000.00 punitive damages

_____

$10,001

Plaintiff also seeks the filing fee and administrative costs. Plaintiff also seeks such other relief as this Honorable Court deems fair and just.

_____   11-24-25
Dawn Burnes                  Date
Pro Se Plaintiff
1116 11th Street
Apartment 6
Baraboo, Wisconsin 53913
224-391-2295