IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAWN BURNS,

      Plaintiff,

  v.

EXPERIAN HEALTH, INC. d/b/a SEARCH AMERICA,

      Defendant.

OPINION and ORDER

25-cv-1073-jdp

---

Plaintiff Dawn Burns, proceeding without counsel, alleges that defendant Experian Health, Inc. d/b/a Search America refused to provide her with an adequate copy of her consumer credit file, and failed to provide her with the credit score that it shared with health care companies from which she unsuccessfully sought credit. Dkt. 1. On screening the complaint, I allowed Burns to proceed on claims for damages under the Fair Credit Reporting Act based on Experian Health's negligent failure to disclose Burns's consumer file and credit score. Dkt. 4.

Experian Health moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 11. Burns did not respond to the motion. On further consideration of the complaint and record, I conclude that Burns hasn't plausibly alleged that Experian Health negligently failed to disclose either her consumer file or credit score. I will grant the motion, dismiss the complaint without leave to amend, and close the case.

ALLEGATIONS OF FACT

Experian Health maintained a consumer file on Burns, and it received her consumer report from Experian Information Solutions, Inc. Experian Health transmitted Burns's

consumer report to one or more health care providers in connection with an application for credit related to medical services. *See* Dkt. 1 ¶¶ 12–13, 26. The application was apparently denied.

Before bringing this case, Burns wrote Experian Health and requested a copy of the information contained in her consumer file. *See* Dkt. 1 ¶ 16; Dkt. 1-1 at 6. Experian Health responded to her "request(s)," but it ignored them by responding in a "woefully deficient manner." Dkt. 1 ¶ 46. Experian Health also refused to disclose the credit score provided to the health care providers from whom Burns unsuccessfully sought credit. *Id.* ¶ 26.

## BACKGROUND

I draw this additional background information from documents provided by Experian. I may consider these documents in ruling on Experian Health's motion because Burns refers to them in the complaint and they are central to her claims. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Santana v. Cook Cnty. Bd. of Rev.*, 679 F.3d 614, 619 (7th Cir. 2012).

In March and June 2025, Burns sent Experian Health nearly identical letters in which she requested her entire consumer file. Dkt. 1-1 at 6; Dkt. 13-3 at 2–3. Burns sent another nearly identical letter to Experian Health shortly after she brought this action. Dkt. 13-4 at 2. In response to each letter, Experian Health sent Burns responses containing information contained in her consumer file. *See* Dkt. 13-1; Dkt. 13-5; Dkt. 13-6. Specifically, Experian Health's responses: (1) identified its role as a reseller of consumer report information to health care customers; (2) disclosed the sole health care customer that obtained Burns's information from Experian Health, along with its address and telephone number; (3) disclosed the date,

October 17, 2024, on which the customer obtained the information; (4) disclosed the source of the underlying data (i.e., Experian Information Solutions, Inc.) and the scope of information that Experian Health maintains as a reseller; (5) attached a copy of the most recent archived consumer report information that Experian Health had obtained from Experian Information Solutions in connection with the customer's request; (6) explained that Burns's request for "all identifying numbers assigned" sought information that Experian Health did not include in any consumer report; (7) provided direct contact information to obtain a copy of Burns's current credit file from Experian Information Solutions; and (8) provided the statutorily mandated Summary of Rights Under the Fair Credit Reporting Act (FCRA), including contact information for federal regulators. *See id.*

ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To overcome a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a Rule 12(b)(6) motion to dismiss, I must accept all well-pleaded allegations of the complaint as true and construe them favorably to Burns. *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018); *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). But I need not accept the truth of any allegation that is directly contradicted by documents that are incorporated into the complaint by reference and central to Burns's claims. *See Tellabs*, 551 U.S. at 322; *Santana*, 679 F.3d at 619. A district court may dismiss a complaint in response to a Rule 12(b)(6) motion after initially allowing the complaint

3

to proceed on screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 800–01 (N.D. Ill. 2014) (collecting cases).

To support her first FCRA claim, Burns alleges that Experian Health refused to provide her with an adequate copy of her consumer file. The FCRA allows the consumer to check the accuracy of the information possessed by a consumer reporting agency by requiring a consumer reporting agency to, on request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. *Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 940–41 (7th Cir. 2007) (citing 15 U.S.C. § 1681g(a)(1)). The consumer's "file" means "the information contained in the consumer report produced by the consumer reporting agency." *Id.* at 941. To proceed under § 1681g(a)(1), the plaintiff must plausibly allege that the consumer reporting agency failed to clearly or accurately disclose all the information in the plaintiff's consumer report, and that this failure caused the plaintiff damages. *See id.*; *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). A consumer reporting agency that is negligent in failing to comply with any requirement imposed under the FCRA is liable to the consumer for any actual damages sustained by the consumer based on that failure. *See* 15 U.S.C. § 1681o.

Burns alleges that Experian Health refused to provide her with an adequate copy of her consumer file. But Experian Health's responses to her letters directly contradict this allegation. As explained above, each response contains several categories of information applicable to Burns's requests. Burns does not allege any facts even suggesting that this information is unclear, incomplete, or inaccurate, and she has not disputed Experian Health's statement that it has disclosed her entire consumer file. Burns has not plausibly alleged that Experian Health

violated, even negligently, § 1681g(a)(1). I will grant Experian Health's motion on Burns's § 1681g(a)(1) claim.

That leaves Burns's FCRA claim based on the alleged failure to disclose her credit score. The FCRA generally governs the disclosure of credit scores to consumers. *See* 15 U.S.C. § 1681g(f). More specifically, when a consumer requests a credit score, a consumer reporting agency shall provide the consumer with a notice that includes "the current credit score of the consumer or the most recent credit score of the consumer that was previously calculated by the credit reporting agency for a purpose related to the extension of credit." *See id.* § 1681g(f)(1)(A).

Burns alleges that Experian Health refused to provide her with the credit score that it shared with health care company from which she unsuccessfully sought credit. But Burns does not allege that she requested a credit score from Experian Health, *see* Dkt. 1 ¶ 26, and her letters to Experian Health confirm that she did not request that information, *see* Dkt. 1-1 at 6; Dkt. 13-3 at 2; Dkt. 13-4 at 2. Because Burns did not request a credit score from Experian Health, I will grant its motion on her claim under § 1681g(f)(1)(A).

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing her case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Further amendment of Burns's FCRA claims would be futile because documents that are incorporated into the complaint by reference and central to Burns's claims directly

contradict the allegations on which she bases those claims. I will grant Experian Health's

motion, dismiss the complaint without leave to amend, and close the case.

ORDER

IT IS ORDERED that:

1. Defendant Experian Health's motion to dismiss, Dkt. 11, is GRANTED, with the result that plaintiff Dawn Burns's FCRA claims are DISMISSED without leave to amend.

2. The clerk of court is directed to enter judgment and close the case.

Entered July 21, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6